E-FILED

Friday, 07 May, 2010  05:02:19 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAWN T. FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3292 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff Dawn T. Fuller's Application for Attorneys' Fees Under the Equal Access to Justice Act (Application) (d/e 18).  Defendant has filed Defendant's Objection to Plaintiff's Application for EAJA Fees (d/e 19).  This matter is fully briefed and ripe for adjudication.  For the reasons described below, Plaintiff's Motion is granted in part.

## FACTS

Plaintiff applied for Supplemental Social Security Income (SSI) on February 23, 2006, alleging a disability onset date of January 15, 1994.

Opinion (d/e 16), p. 9.  The Social Security Administration (SSA) denied her application initially and upon reconsideration.  Id.  An administrative law judge (ALJ) held an evidentiary hearing on November 9, 2006, and denied Plaintiff's claim on December 8, 2006.  Id., p. 9, 13.  On September 19, 2007, the Appeals Council remanded the case for a new hearing.  Id., p. 15.  After a second administrative hearing on December 10, 2007, the ALJ on February 18, 2008, denied Plaintiff's claim.  Id., p. 17.  The Appeals Council denied Plaintiff's request for review on July 9, 2008.  Id., p. 19.

On December 18, 2008, Plaintiff filed this lawsuit, seeking judicial review of the SSA's denial of SSI benefits.  Complaint (d/e 1).  Both parties filed motions for summary judgment pursuant to this District's Local Rule 8.1(D).  See Plaintiff's Motion for Summary Judgment or Remand (d/e 9); Motion for Summary Affirmance (d/e 13).  On January 15, 2010, this Court granted Plaintiff's Motion for Summary Judgment or Remand, and remanded the case for a new administrative hearing pursuant to Sentence 4 of 42 U.S.C. § 405(g).  See Opinion of January 15, 2010 (d/e 16), p. 35.

Plaintiff filed her Application on April 16, 2010, seeking $10,695.63 in attorneys' fees for the 85.75 her attorneys and their staff spent on her case.  Application, p. 7.

2

<u>ANALYSIS</u>

Plaintiff argues that she is entitled to an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), because the Defendant's position before this Court was "not substantially justified." <u>See</u> EAJA, 28 U.S.C. § 2412(d)(1)(B). Defendant does not dispute that Plaintiff is "prevailing party" under the EAJA who is entitled to fees, but maintains that the amount Plaintiff has requested is unreasonable.

Before awarding attorneys' fees under the EAJA, the Court must determine whether the amount requested is reasonable. 28 U.S.C. § 2412(d)(2)(A). To determine whether a fee is reasonable, the Court starts by multiplying the number of hours reasonably spent on the case by a reasonable hourly rate. <u>Comm'r of Immigration and Naturalization Serv. v. Jean</u>, 496 U.S. 154, 160-61 (1990); <u>see</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). The Court excludes from its calculation any hours that were "excessive, redundant, or otherwise unnecessary . . . ." <u>Hensley</u>, 461 U.S. at 434. Fees generated by law clerks and paralegals are recoverable under the EAJA because work by such individuals helps reduce the cost of litigation. <u>Missouri v. Jenkins</u>, 491 U.S. 274, 285 (1989). A "prevailing party" under the EAJA bears the burden of demonstrating that her fee

request is reasonable.  Id. at 437.

Plaintiff here has submitted a time log showing that six individuals -- four attorneys, a person with a law degree, and a law student -- expended a total of 85.75 hours working on her case.  For work completed in 2008, Plaintiff seeks an hourly rate of $170.00 for the licensed attorneys who worked on her case; for work completed in 2009 and 2010, she seeks an hourly rate of $172.50.  Plaintiff requests an hourly rate of $125.00 for the law clerk with a J.D. who worked on her case, and an hourly rate of $100.00 for the law student who worked on her case.  Application, Ex. C, Fuller EAJA Time Log, p. 2.  The total amount of fees Plaintiff seeks to recover is $10,695.63.

Defendant does not dispute the reasonableness of the hourly rates Plaintiff proposes, but instead argues that the number of hours spent on the case was unreasonable.  Specifically, Defendant points out that the law student who worked on Plaintiff's case, Joel D. Selking, spent 53.05 hours preparing to draft and drafting Plaintiff's Memorandum in Support of Motion for Summary Judgment or Remand (Memorandum) (d/e 10), which was only 22 pages long.  See Application, Ex. C, Fuller EAJA Time Log, p. 2; Memorandum.  Of that 53.05 hours, Selking spent roughly 17 hours

researching and drafting the medical evidence portion of the brief, which was 5 pages long.  See Application, Ex. C, Fuller EAJA Time Log, p. 2; Memorandum, p. 2-7.  Defendant also notes that Plaintiff's counsel routinely works on Social Security cases like this one.

The Court agrees that the hourly rates Plaintiff requests are reasonable, but finds that Plaintiff's attorneys and staff spent an unreasonable number of hours working on her case.  Four attorneys expended 27.5 hours on this matter, but none of them drafted the Complaint, Plaintiff's Motion for Summary Judgment or Remand, or the Memorandum.  Attorney Stephanie Tomal spent 18 hours drafting and revising Plaintiff's Reply in Support of her Motion for Summary Judgment or Remand (d/e 15), which was 9 pages long.  The Court finds that this is unreasonable, and will instead allow 9 hours for Tomal at an hourly rate of $172.50.  Likewise, the Court notes that Attorneys Frederick Daley and Kate Hoppe jointly spent 5.5 hours reviewing the legal arguments in Plaintiff's Memorandum.  This, too, is unreasonable, and the Court will allow 3 hours for this task at a rate of $172.50.

Turning to the 5.2 hours billed by Plaintiff's law firm's law clerk with a law degree, Suzanne Blaz, the Court agrees with Defendant that many of

the tasks performed were administrative in nature, such as sending forms to Plaintiff and electronically filing documents with the Court.[1] <u>Application</u>, Ex. C, <u>Fuller EAJA Time Log</u>, p. 1.  The Court will allow 3 hours for this law clerk at an hourly rate of $125.00.

Finally, the Court finds that it is unreasonable for Plaintiff to recover fees for all of the 53.05 hours Selking spent working on Plaintiff's case. While hours billed by a law clerk are recoverable if they are reasonable, it is unreasonable to impose fees on Defendant for hours that were billed due to Selking's inexperience.  Therefore, Plaintiff can recover fees for 26.5 hours of Selking's time, at an hourly rate of $100.00.

Plaintiff is entitled to recover attorneys' fees in the total amount of $5,781.88.  This figure represents: 1.25 hours of attorney time in 2008 at an hourly rate of $170.00; 14.75 hours of attorney time in 2009 and 2010 at an hourly rate of $172.50; 3 hours of time for Blaz at an hourly rate of $125.00; and 26.5 hours of law clerk time at an hourly rate of $100.00.

The Court now turns to the question of whether the fee award should go directly to Plaintiff's counsel, or if it should be paid to Plaintiff.  The

---

[1]While Exhibit C indicates that Ms. Blaz spent only 4.2 hours on the case, the Application notes that Ms. Blaz spent an hour drafting the Application itself.  The Court finds that the time spent preparing the Application was reasonable.

EAJA authorizes an award of attorneys' fees and expenses to "a prevailing party." 28 U.S.C. § 2412(d)(1)(A). The Court of Appeals for the Seventh Circuit has not addressed this issue, and the other Circuits are split on the matter. See Bryant v. Comm'r of Social Security, 578 F.3d 443, 448 (6th Cir. 2009) (award to party, not attorney); Stephens v. Astrue, 565 F.3d 131, 138 (4th Cir. 2009) (same); Manning v. Astrue, 510 F.3d 1246, 1255-56 (10th Cir. 2007)(same); contra Ratliff v. Astrue, 540 F.3d 800, 801 (8th Cir. 2008), cert. granted ___ U.S. ___, 130 S. Ct. 48 (Sept. 30, 2009) (fees to be paid to prevailing party's attorney).[2] After reviewing the cases cited above, and in light of the clear statutory language, the Court concludes that attorneys' fees and expenses in this case should be awarded directly to Plaintiff, as the "prevailing party."

THEREFORE, the Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (d/e 22) is GRANTED in part. The Court awards Plaintiff Dawn T. Fuller attorneys' fees under the Equal Access to Justice Act in the amount of $5,781.88.

---

[2]The Court notes that district courts within the Seventh Circuit have awarded attorneys' fees and expenses directly to a prevailing party's counsel when there is a valid written assignment between the party and her attorney. See, e.g., Gritzmacher v. Astrue, 2009 WL 196537, at *4 (W.D. Wis. Jan. 26, 2009); Irwin v. Astrue, 2008 WL 4099065, at *1 (N.D. Ind. Aug. 29, 2008). In this case, though, there is no evidence of a written assignment between Plaintiff and her lawyer.

IT IS THEREFORE SO ORDERED.

ENTER:   May 7, 2010

      FOR THE COURT:

                           _____s/  Jeanne E. Scott_____
                                       JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE